IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARCUS JEFFREY, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-11-425-RAW |
| | ) |
| CP KELCO U.S. INC., | ) |
| | ) |
|       Defendant. | ) |

## ORDER

Before the court is the motion of the defendant for summary judgment. The standard applicable to such a motion is set forth in Rule 56(a) F.R.Cv.P. The court must examine the record and all reasonable inferences that might be drawn from it in the light most favorable to the non-moving party. *T-Mobile Cent., LLC v. Unified Gov't of Wyandotte County,* 546 F.3d 1299, 1306 (10th Cir.2008).

According to the proposed Pretrial Order[1], plaintiff presently asserts claims of racial discrimination and retaliation in violation of Title VII. The claim of racial discrimination is that in 2011 plaintiff was wrongfully denied a promotion because of his race. Such a claim is evaluated under the three-step framework set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802-05 (1973). Under this framework, a plaintiff must first establish a prima facie case of discrimination. *Riggs v. AirTran Airways, Inc.,* 497 F.3d 1108, 1114 (10th Cir.2007). To establish a prima facie case for failure to promote, the plaintiff must

---

[1] The court makes reference to this document although the court is ruling prior to the pretrial conference being held, rendering such pretrial conference moot.

demonstrate: (1) he was a member of a protected class; (2) he applied for and was qualified for the position; (3) despite being qualified he was rejected; and (4) after he was rejected, the position was filled by someone outside the protected class. *MacKenzie v. Denver,* 414 F.3d 1266, 1278 (10th Cir.2005)[2].

Plaintiff, who is black, began his employment at defendant's Okmulgee, Oklahoma plant (which was then owned by another company) in 1991. On March 11, 2011, defendant posted a job notice for the position of Operator I in the Engineering Stores/Maintenance Department. Plaintiff, along with other candidates, applied for the position on March 17, 2011. As part of the selection process, plaintiff and other candidates took a written exam related to duties associated with the position[3].

There were two applicants for the position who scored 100% on the test; plaintiff scored 58%. (¶11 of "Undisputed Material Facts". #55 at 3). Plaintiff contends this paragraph is also disputed, because he "testified he became aware that the other two applicants had advance access to the materials on the test." Plaintiff has provided no

---

[2]Defendant in its briefing sets forth a different prima facie case, evidently treating plaintiff's claim as a more general adverse employment action. Such difference in treatment can result in a different articulation of the prima facie case. *See Steele v. Kroenke Sports Enterprisees, L.L.C.,* 264 Fed.Appx. 735, 743 & n.10 (10th Cir.2008). The proposed Pretrial Order, approved by both parties as to form and content, describes the claim in the first sentence on page 2 as an improper failure to promote. The proposed pretrial order states at XII (4) that defendant contends there is an issue of law as to whether such a selection would have constituted a promotion, but that issue is not explicitly briefed in the summary judgment motion and reply.

[3]This summary is taken from ¶10 of the "Undisputed Material Facts" listed in defendant's motion at page 3. In his response brief, plaintiff denies these facts are undisputed, because "[t]he test and other elements of the position were not highlighted" because the notice indicated whoever filled the position would receive training and "there is no similar test for the operator position in fermentation." (#71 at 6). The court does not agree that these "disputes" raise genuine issues of material fact.

additional supporting evidence on this point. "Rule 56 precludes the use of inadmissible hearsay testimony in depositions submitted . . . in opposition to, summary judgment." *Starr v. Pearle Vision, Inc.,* 54 F.3d 1548, 1555 (10th Cir.1995). The court rules plaintiff's assertions on this point inadmissible. It is, however, undisputed that the applicant who ultimately received the promotion was a white male.

Examining these facts in light of the factors previously articulated, the court concludes that plaintiff has established a prima facie case regarding his failure-to-promote claim. Therefore, the defendant must articulate a legitimate, nondiscriminatory reason for its employment action. If it does, plaintiff proffer evidence demonstrating the employer's reason is pretexual. Pretext can be established by revealing such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence. To suggest that something more nefarious might be at play than a legitimate business rationale, a plaintiff must come forward with evidence that the employer did not really believe its proffered reasons for action and thus may have been pursuing a hidden discriminatory agenda. *Tran v. Sonic Industries Services, Inc.,* 2012 WL 2928521 (10th Cir.2012)(quoting *Johnson v. Weld Cnty.,* 594 F.3d 1202, 1211 (10th Cir.2010)).

Here, defendant has articulated a legitimate, nondiscriminatory reason for its decision – plaintiff's poor test score. The gap between a 100% score and a 58% score is substantial enough that the decision could have reasonably been based upon it, whatever plaintiff's standing as to seniority. The burden shifting back once more, the court finds that plaintiff

3

has failed to raise a genuine issue of material fact that this proffered reason is pretextual. Plaintiff asserts that defendant's past pattern and practice had been to award such jobs on the basis of seniority, "without conducting an interview or an employment test." (Plaintiff's Response #71 at 5). Plaintiff has not, however, supported this allegation with admissible evidence. The court has already concluded that plaintiff failed to support his allegation that the other two applicants received advance access to the test materials. Plaintiff having failed to prove pretext, the court rules that summary judgment is appropriate as to the failure-to-promote claim.

The other factual incidents recited by plaintiff deal with discipline he has received in recent years. Plaintiff contends this discipline was administered in retaliation for his filing of discrimination charges against defendant. Plaintiff filed his first Charge of Discrimination against defendant on May 14, 2009 for race discrimination. The claim was resolved by mediation, but plaintiff was subjected to three disciplinary warnings in August and September, 2009[4]. Plaintiff filed his second Charge of Discrimination in May, 2011 (and re-filed it on June 16, 2011). This charge related to the alleged failure to promote which is the subject of the case at bar[5]. In May 2011, plaintiff allegedly was using a cell phone in certain prohibited areas of the plant. Plaintiff testified in his deposition that he did not recall using

---

[4]Defendant argues that the settlement means plaintiff has waived any claims against defendant to the extent they are based on discrimination that was the subject of his May 14, 2009 Charge of Discrimination. This is correct as to the substantive charge, but not as to any alleged retaliatory conduct.

[5]Plaintiff also filed an internal grievance on the allegation that he was wrongly denied the position. The grievance was denied on May 12, 2011.

a cell phone improperly. Plaintiff was issued a verbal warning on June 29, 2011 for allegedly failing to follow proper "lockout/tag out" procedures in the plant.

On August 1, 2011, plaintiff was suspended for three days, without pay, for another alleged violation of the lockout/tag out procedures. Plaintiff filed a grievance with regard to the suspension. Defendant decided to pay plaintiff for the three days off. On August 31, 2011, plaintiff filed another Charge of Discrimination against defendant for retaliation and discrimination. On March 2, 2012, plaintiff received a reprimand based on an allegation of him running through the milling/blending room of the plant without wearing safety equipment. On March 17, 2012, plaintiff filed a Charge of Discrimination against defendant for retaliation.

To make out a prima facie case on a retaliation claim, plaintiff must show: (1) he engaged in protected opposition to discrimination; (2) a reasonable employee would have considered the challenged employment action materially adverse; and (3) a causal connection existed between the protected activity and the materially adverse action. *Daniels v. United Parcel Service, Inc.,* 701 F.3d 620, 638 (10th Cir.2012).

Defendant argues that plaintiff has failed to establish the second element. To say an action is "materially adverse" in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination. *Keller v. Crown Cork & Seal USA, Inc.,* 2012 WL 3196002 (10th Cir.2012). It is important to separate significant from trivial harms. An employee's decision to report discriminatory behavior cannot immunize

5

that employee from those petty slights or minor annoyances that often take place at work and that all employees experience. The standard is an objective one. *Id.*

The court concludes that being subjected to discipline for alleged safety violations is more than a petty slight or minor annoyance. While the incidents evidently did not dissuade plaintiff from engaging in protected conduct, the test has in view a generic reasonable worker. The fact that plaintiff may be made of sterner stuff does not mean that the test is not satisfied[6]

Next, defendant argues that plaintiff has failed to establish the third element. Viewing the record in the light most favorable to plaintiff, the court rejects defendant's argument on this point as well. The temporal proximity of the disciplinary actions to the plaintiff's conduct (coupled with the fact that plaintiff had not received a disciplinary reprimand since 2001) passes this preliminary hurdle.

The court again concludes, however, that plaintiff has failed to establish pretext[7]. Defendant has presented evidence that other non-black employees (e.g., Kevin Copeland and Casey James) who committed the same or similar infractions have received the same or similar discipline or counseling as plaintiff. Plaintiff's denial or lack of recollection of

---

[6] Defendant notes that none of the discipline plaintiff has received during his employment with defendant resulted in any decrease in pay, benefits or status or otherwise adversely affected the terms and conditions of his employment in any significant way. It does not appear that the Tenth Circuit frames the test in these terms.

[7] The court also doubts what damages plaintiff would be able to prove in a successful retaliation claim under these facts. It is established, however, that nominal damages are appropriately awarded where a Title VII violation is proved even if no actual damages are proved. *Barber v. T.D. Williamson, Inc.,* 254 F.3d 1223, 1227 (10th Cir.2001). The claim will therefore not be dismissed on this basis.

incidents also do not create a genuine issue of material fact. "The question is not whether the underlying . . . incident occurred; rather, the issue is whether the employer *honestly and reasonably believed* that the underlying. . . incident occurred." *Brady v. Office of Sgt. at Arms,* 520 F.3d 490, 496 (D.C.Cir.2008) (emphasis in original). The court concludes summary judgment is appropriate.

It is the order of the court that the motion of the defendant for summary judgment (#55) is hereby GRANTED.

**ORDERED THIS 16th DAY OF JANUARY, 2013.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma